IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREAU GERALD WILSON,

    Plaintiff,  No. CIV S-07-0650 DFL KJM P

    vs.

PEOPLE OF THE STATE
OF CALIFORNIA,  ORDER AND

    Defendant.  FINDINGS AND RECOMMENDATIONS
_____/

    Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. He has submitted an affidavit requesting leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1). This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    The in forma pauperis statute permits federal district courts to

> authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action . . . and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). A court may deny leave to proceed in forma pauperis if it appears from

1

1  the face of the proposed complaint that the action is frivolous.  <u>Minetti v. Port of Seattle</u>, 152

2  F.3d 1113 (9th Cir. 1998).  In determining whether an action is frivolous, the court may "pierce

3  the veil of the complaint's factual allegations and dismiss those claims whose factual contentions

4  are clearly baseless."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989).  Such allegations include

5  those "describing fantastic or delusional scenarios, claims with which federal district judges are

6  all too familiar."  <u>Neitzke</u>, 490 U.S. at 328; <u>see also  Denton v. Hernandez</u>, 504 U.S. 25, 33

7  (1992) (finding of frivolousness appropriate when allegations are irrational or wholly

8  incredible).

9         With its prior order, the court had the Clerk send plaintiff the form for filing a

10  civil rights action.  Plaintiff has returned the form with his name and that of the defendant listed,

11  but with every other question answered with the word "none."  For example, in the section

12  entitled "Statement of the Claim," plaintiff has written "none."

13         Accompanying the "complaint" is an incomprehensible pleading, asking for a

14  court order "for requesting of a matter . . . must be carried out by police or sheriff's department

15  or by the Department of Justice."  This request does not comply with Federal Rule of Civil

16  Procedure 7(b), for it does not "state with particularity the grounds therefor."  Rule 7 is designed

17  "to afford notice of the grounds and prayer of the motion to both the court and the opposing

18  party, providing that party with a meaningful opportunity to respond and the court with enough

19  information to process the motion correctly."  <u>People United For Children, Inc. v. City of New</u>

20  <u>York</u>, 108 F.Supp.2d 275, 301, n.2 (S.D.N.Y. 2000) (internal quotations, citation omitted).

21         IT IS HEREBY ORDERED that plaintiff's May 11, 2007 motion for a court order

22  is denied.

23         IT IS HEREBY RECOMMENDED that plaintiff's request to proceed in forma

24  pauperis be denied and the action be dismissed

25         These findings and recommendations are submitted to the United States District

26  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

1 days after being served with these findings and recommendations, plaintiff may file written
2 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
3 Findings and Recommendations."   Plaintiff is advised that failure to file objections within the
4 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
5 F.2d 1153 (9th Cir. 1991).

6 DATED:  June 15, 2007.

_____
U.S. MAGISTRATE JUDGE

2

wils0650.friv